STATE OF NORTH CAROLINA v. GEORGE T. BARNES

No. 8426SC1054

(Filed 18 June 1985)

1. **Narcotics § 4.2; Criminal Law § 66.1— sufficiency of evidence—opportunity of undercover agent to observe defendant**

There was no error in the denial of defendant's motion to dismiss charges of possession of heroin with intent to sell and sale of heroin for insufficient evidence where an undercover agent who identified defendant as the man who sold her heroin had an adequate opportunity to observe the man who sold her the heroin when the negotiation and sale took place.

2. **Narcotics § 3.1; Criminal Law § 34.6— sale of heroin—sale of drugs two years earlier—admission erroneous**

In a prosecution for possession of heroin with intent to sell and sale of heroin, the trial court erred by admitting testimony that defendant had sold drugs almost two years before the offenses for which he was being tried. The evidence was not admissible to prove intent or guilty knowledge because defendant contended that he was not the person who possessed or sold the heroin, not that whoever possessed and sold it did not have the specific intent to do so or did not have guilty knowledge.

APPEAL by defendant from *Downs, Judge.* Judgment entered 19 April 1984 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 April 1985.

The defendant was tried for the possession with intent to sell and the sale of heroin. The State's evidence showed that on 7 July 1983 an undercover agent for the State Bureau of Investigation made contact with Curtis McKenney for the purpose of purchasing heroin. Mr. McKenney introduced her to a man who was called Mike. The undercover agent negotiated a purchase of 15 small bags of heroin from Mike who retrieved it from the hollow of a nearby tree and exchanged it for $160.00. The undercover agent described "Mike" to other law enforcement officers who produced a picture of the defendant. The undercover agent identified the picture as being a photograph of the man who had sold her heroin. She identified the defendant in court as being the man who had sold the heroin to her.

Before the defendant introduced any evidence the State called as a witness a detective with the City of Charlotte Police Department who testified he purchased heroin from the defendant on 6 May 1981.

The defendant offered evidence of an alibi. He was convicted on both charges and was sentenced to ten years on each charge with the sentences to run concurrently. The defendant appealed.

*Attorney General Edmisten, by Associate Attorney General Debbie K. Wright, for the State.*

*Stephen W. Ward, Assistant Public Defender, for the defendant appellant.*

WEBB, Judge.

[1]  The defendant first assigns error to the denial of his motion to dismiss on the ground that there was not sufficient evidence for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. He bases this argument on what he contends is the unreliability of the undercover agent's identification of him during the trial. The undercover agent had an adequate opportunity to observe the man who sold her the heroin when the negotiations and sale of the heroin took place. The credibility of her testimony was for the jury. This assignment of error is overruled.

[2]  The defendant next assigns error to the admission of testimony that he had sold drugs almost two years before the offenses for which he was being tried. We believe this assignment of error was merit. The general rule is that in a prosecution for a particular crime, the State cannot prove that the accused has committed another crime. *See State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). In *McClain* our Supreme Court ordered a new trial in a case in which testimony was admitted that the defendant had committed larceny while she was being tried for engaging in prostitution. The Court in that case listed eight exceptions to the general rule, among which are evidence to show a "specific mental intent or state which is an essential element of the crime charged," and evidence "to establish the requisite guilty knowledge." In his treatise on evidence Professor Brandis comments that the rule is commonly supposed to be difficult to apply. He simplifies the rule, and states it as follows:

> Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant

fact it will not be excluded merely because it also shows him to have been guilty of an independent crime.

1 H. Brandis, *Brandis on N.C. Evidence* § 91 (2d rev. ed., 1982).

The State argues that the testimony was admissible under the two above cited exceptions listed in *McClain*. It also argues that this testimony is admissible under the rule as stated by Professor Brandis as proving intent and guilty knowledge which are relevant facts to the crime of possession with intent to sell and the sale of heroin. The defendant does not contend that whoever possessed and sold the heroin did not have the specific mental intent to do so or that he did not have guilty knowledge. He contends he was not the person who possessed or sold it. There was little need for this evidence to prove the State's case as to intent and guilty knowledge. If we were to hold that testimony of a similar crime committed almost two years previously is admissible to prove intent or guilty knowledge we believe there would be little left of the rule. We believe the evidence of the previous crime proved only the defendant's character or disposition to commit the offense with which he was charged and should have been excluded. We hold this was error which requires a new trial.

New trial.

Judges BECTON and PARKER concur.